# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| GUSTAVO LUNA, ALMA TORRES, AND RAYO ANGEL, INDIVIDUALLY AND AS NEXT FRIEND OF J.R. (MINOR) | § § § § | 3:19-CV-1891 |
| v. | § § § | JURY |
| JONATHAN BELL & J&R SCHUGEL TRUCKING, INC. | § § § | |

## DEFENDANT JONATHAN BELL'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Jonathan Bell hereby responds to Plaintiff's Original Petition as follows:

## I.

### ANSWER TO PLAINTIFF'S ALLEGATIONS

Section I of Original Complaint – Discovery Plan:

1. This paragraph does not contain any factual averments that require a response.

Section II of Original Complaint – Parties:

2. Defendant lacks information sufficient to form an opinion regarding Plaintiff Gustavo Luna's residency, but assumes it has been correctly alleged by Plaintiff.

3. Defendant lacks information sufficient to form an opinion regarding Plaintiff Alma Torres' residency, but assumes it has been correctly alleged by Plaintiff.

4. Defendant lacks information sufficient to form an opinion regarding Plaintiff Rayo Angel's residency, but assumes it has been correctly alleged by Plaintiff.

5. Defendant admits that he resides in Maryland, but otherwise denies the averments set forth in this paragraph.

6. Defendant lacks information sufficient to form an opinion regarding the factual averments set forth in this paragraph.

Defendant Jonathan Bell's Original Answer – Page 1

<u>Section III of Original Complaint – Jurisdiction & Venue:</u>

7.      By virtue of Defendant J&R Schugel's removal, Defendant denies that the 95th Judicial District Court of Dallas County, Texas has jurisdiction over this Defendant or the subject matter of this lawsuit.

8.      Defendant admits that the Northern District of Texas and Dallas County are proper venues for this lawsuit.

<u>Section IV of Original Complaint – Facts:</u>

9.      Defendant admits that the subject accident occurred on the date and in the location described. Defendant admits that both his vehicle and the vehicle occupied by Plaintiffs were traveling southbound on Interstate 35. Defendant admits that that the time of the accident, he was in the course and scope of his employment with Defendant J&R Schugel. To the extent not expressly admitted, the remaining factual averments set forth in this paragraph are denied.

<u>Section IV – Negligence:</u>

10.     To the extent this paragraph sets forth factual averments that require a responsive pleading, Defendant denies that averments set forth in this paragraph, inclusive of subparts (a) – (f).

<u>Section VI – Respondent Superior:</u>

11.     Defendant denies that he was negligent and that Defendant J&R Schugel has any liability to Plaintiffs, but otherwise admits the averments set forth in this paragraph.

<u>Section VII – Damages:</u>

12.     Defendant denies the factual averments set forth in this paragraph.

## II.

### AFFIRMATIVE DEFENSES

13.     Defendant invokes §41.0105 of the Texas Civil Practice & Remedies Code and asserts that any recovery for medical or healthcare expenses incurred is limited to the amounts actually paid or incurred by or on behalf of Plaintiffs.

14.     Defendant invokes §18.0191 of the Texas Civil Practice & Remedies Code and asserts that evidence in support of any claims for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value must be presented in the form of a net loss after reduction for income tax payments and unpaid tax liability. Defendant further requests the Court to instruct the jury as to whether any recovery for such damages is subject to federal or state income tax.

15.     Defendant asserts that claims for pre and post judgment interest are limited by the dates and amounts set forth in 28 U.S.C. §1961 and/or §304 of the Texas Finance Code.

16.     Defendant pleads by way of affirmative defense the contributory negligence of Gustavo Luna (or the individual driving Plaintiff's vehicle) and intends to show that Luna was negligent in at least the following respects:  failing to yield, failing to observe traffic signs, failing to apply his brakes in a timely fashion, driver inattention, failing to maintain a single lane, failing to take appropriate evasive action, and driving recklessly with his family on board in an effort to prevent Defendant from entering the highway. Defendant further alleges that Luna's negligence was at least a proximate cause, if not the sole proximate cause, of the injuries and damages claimed by all Plaintiffs. Defendant invokes Chapter 33 of the Texas Rules of Civil Procedure and requests that Luna's negligence be submitted to the jury so that it may apportion responsibility for this accident.

17.     Defendant further invokes all limitations on damages set forth in Chapter 33, including the 51% recovery bar.

Defendant Jonathan Bell's Original Answer – Page 3

## III.

### JURY DEMAND

18.     Defendant affirmatively asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## IV.

### CONSENT TO REMOVAL

19.     Defendant does hereby confirm that he consents to Defendant J&R Schugel's removal of this action into this Court from the 95th District court of Dallas County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Defendant be released and discharged of the claims made against him, that judgment be declared against Plaintiff and in favor of Defendant on all matters for which there is a justiciable controversy, that Plaintiff take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

By:     _/s/ Jeffrey R. Ross_____
Jeffrey R. Ross
State Bar No. 24041823
jross@rossbarneslaw.com

Ross Barnes LLP
275 W. Campbell Road, Suite 210
Richardson, TX 75080
(214) 420-2300
(214) 420-2299 (facsimile)

**ATTORNEY FOR DEFENDANT**

**Defendant Jonathan Bell's Original Answer – Page 4**

## CERTIFICATE OF SERVICE

I do hereby certify that on September 19, 2019, a true and correct copy of the above and foregoing document has been forwarded to all counsel of record through this Court's electronic filing system and/or facsimile.

_/s/ Jeffrey R. Ross_
Jeffrey R. Ross

**Defendant Jonathan Bell's Original Answer – Page 5**